UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4092

ALONZO DAVID DABNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-98-23-C)

Submitted: August 17, 1999

Decided: September 24, 1999

Before NIEMEYER, WILLIAMS, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Thompson Cravens, J. THOMPSON CRAVENS & ASSOCIATES,
P.C., Richmond, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Bruce A. Pagel, Assistant United States
Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alonzo David Dabney appeals from his convictions for drug-related offenses, asserting that the trial court erred in refusing to suppress evidence obtained in a vehicle search and subsequent search incident to arrest. We agree with the trial court's ruling on Dabney's suppression motion, and we therefore affirm.

I.

On the evening of November 29, 1997, Sergeant Gilliam and Investigator Davenport of the Cumberland County Sheriff's Department observed Dabney driving erratically and pulled him over. Gilliam took Dabney back to his patrol car to conduct sobriety tests. Meanwhile, Davenport interviewed Dabney's passenger, Louis Payne, and then Dabney himself.

Dabney passed the breathalyzer test administered by Sergeant Gilliam. His description of his activities that evening differed from Payne's, however. As a result, Investigator Davenport asked Payne if he would consent to a search of his person. Payne agreed and exited the car, just as Dabney was returning to it. When he saw that Payne was about to be searched, Dabney became nervous and insisted that he and Payne needed to leave, but the search proceeded.

Davenport found nothing in his search. As Payne was getting back into the car, however, Davenport observed two pill bottles in the passenger-side footwell that he had not seen previously. When he asked Dabney about them, Dabney attempted to stow the bottles under the seat, simultaneously asking, "What pill bottles?" Gilliam then opened the car door and seized one of the bottles. Inside it, he found crack cocaine packaged in small plastic bags. In subsequent searches, the officers found a large rock of crack cocaine in the other

2

pill bottle, a gun wedged in between the console and passenger seat, $324 in cash in Dabney's pocket, and $200 in his wallet.

Dabney was charged in the Western District of Virginia with possession with intent to distribute crack cocaine (21 U.S.C. § 841(a)(1) (1994)) and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C.A. § 924(c) (West Supp. 1999)). The trial court denied Dabney's motion to suppress evidence and then, following a bench trial, found Dabney guilty of both charges against him.

II.

Dabney presents three arguments in support of his claim that his Fourth Amendment rights were violated and that evidence recovered from him and his car should therefore have been suppressed. We find none of these arguments persuasive.

In reviewing a suppression claim, we construe the evidence in the light most favorable to the party that prevailed below and defer to the lower court's factual determinations unless they are clearly erroneous. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Our review of the lower court's ultimate ruling is de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996).

Dabney's first argument is that the pill bottles in this case were not subject to seizure under the "plain view" doctrine. This case did not involve a plain view seizure, however, but rather a search based on probable cause arising from the totality of the circumstances. As we will explain below, there was ample probable cause in this case. Accordingly, there is no need for us to consider whether a seizure of the pill bottles would have been justified under the plain view doctrine.

Second, Dabney contends that the police unlawfully extended his detention after his breathalyzer test by conducting a consent search of his passenger (Payne). We do not agree. The record shows that Dabney was free to leave, and had been informed of this, but he voluntarily remained on the scene rather than abandon his friend.

3

Finally, Dabney contends that the officers' observations after telling him he was free to leave did not give rise to probable cause. This argument is meritless. Probable cause was established in this case by several circumstances: that the stop occurred at night in an area with a lot of drug trafficking, that pill bottles are commonly used to carry drugs in that area, that Dabney and his companion gave inconsistent explanations for their presence there, and that Dabney attempted to conceal the bottles when asked about them. See United States v. Garcia, ___ F.3d ___, Nos. 97-40854 & 97-40855, 1999 WL 409649, at *4 (5th Cir. June 21, 1999) (finding probable cause to believe that suspects were smuggling drugs based on their location; the depth of the footprints in their trail, which indicated that they were carrying heavy loads; their nervousness and efforts to hide when confronted; and their inconsistent responses to questioning); United States v. Barrett, 890 F.2d 855, 861-62 (6th Cir. 1989) (finding probable cause based on the defendant's location and his explanation for being there; his change in demeanor upon learning that an acquaintance had been arrested; and his efforts to conceal a container). Accordingly, we find that the warrantless search of Dabney's pill bottles was lawful under the Fourth Amendment.

For these reasons, we affirm Dabney's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4